

**FILED**
**Sep 05, 2025**
**07:00 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Barbara Ballard | Docket No. 2023-01-8131 |
| v. | State File No. 41305-2023 |
| Western Express, Inc., et al | |
| Appeal from the Court of Workers' Compensation Claims Thomas L. Wyatt, Judge | |

---

### Affirmed and Certified as Final

---

This is an appeal of an order granting summary judgment to the employer. The employee reported an injury to her left shoulder, and the employer provided a panel of physicians. Although the employer scheduled two appointments with the physician the employee chose from the panel, she attended neither. She further refused to cooperate in written discovery. The employer filed a motion for summary judgment, and the employee responded by submitting pictures, bills of lading, and medical summaries and reports. Determining the employee had provided no medical proof establishing her entitlement to any further benefits at the summary judgment stage, the trial court granted the employer's motion for summary judgment. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify the order as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Barbara Ballard, Riverdale, Georgia, employee-appellant, pro se

D. Andrew Saulters, Nashville, Tennessee, for the employer-appellee, Western Express, Inc.

### Memorandum Opinion[1]

Barbara Ballard ("Employee") was working as a truck driver for Western Express, Inc. ("Employer") on May 25, 2023, when she reported an injury to her left shoulder while

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

attempting to pull a release handle on the company truck.[2] Employer accepted the claim as compensable and provided medical treatment, including a panel of orthopedic physicians. After Employee made her selection, Employer arranged two appointments for Employee to be seen by that physician. Employee failed to attend either appointment. Employer then filed a petition for benefit determination in December 2023, stating it "would like to go to mediation." By the time the dispute certification notice was issued in July 2024, Employee was represented by counsel, and the parties had scheduled Employee's deposition by agreement. However, the night before the deposition was scheduled to take place, Employee unilaterally cancelled it. Very soon thereafter, her attorney filed a motion to withdraw. The trial court granted the motion to withdraw in August 2024 and set a status hearing for one month later. Employee attempted to appeal the portion of the order setting a status hearing, but the appeal was dismissed as untimely.

Employer then propounded interrogatories, requests for production of documents, and requests for admissions of fact pursuant to the Tennessee Rules of Civil Procedure. Employee did not timely respond to the interrogatories, but she did email Employer's counsel with objections to some of the requests for production of documents. Others she left unanswered. She also emailed responses to the requests for admissions in which she admitted receiving a panel of orthopedic physicians and selecting a physician from that panel. In addition, she provided the following responses to certain other requests:

3. Please admit that an appointment was scheduled for you to see an orthopedic physician that you chose from the panel.
RESPONSE:
OBJECTION: I didn't make the appointment for myself[.]

4. Please admit that you were a no-show for the first appointment with the orthopedic physician.
RESPONSE:
OBJECTION: I had requested to make my own appointment in which availability would've been sufficient[.]

5. Please admit you were set for a second appointment with an orthopedic physician.
RESPONSE:
OBJECTION: I was not allowed to give my availability[.]

---

[2] In its brief on appeal, Employer states that it has been named incorrectly in several prior pleadings as "Western Logistics, Inc." The original dispute certification notice and multiple orders list the name of Employer as "Western Logistics," whereas all of Employer's filings identify it as "Western Express, Inc." However, the record contains no motion or agreed order seeking a correction of that inconsistency. For purposes of this opinion, we have listed Employer as "Western Express, Inc." based on the identification of that party in the original petition for benefit determination Employer filed in December 2023.

6. Please admit you failed to attend the second appointment that had been scheduled for you with the orthopedic physician.
RESPONSE:
OBJECTION: I was present at all the scheduled appointments I made for myself[.]

7. Please admit your period of temporary total disability has ended.
RESPONSE:
OBJECTION: I was never seen by an orthopedic specialist to give such answer[.]

8. Please admit that no further temporary total disability benefits are owed to you.
RESPONSE:
OBJECTION: I never received qualified satisfactory benefits[.]

9. Please admit that no doctor has assessed any permanent partial impairment to you.
RESPONSE:
Question is vague[.]

Thereafter, Employer filed a motion to compel discovery and a motion to deem its requests for admissions admitted in December 2024. The following month, the trial court denied the motion to compel responses to the interrogatories, finding Employer's interrogatories to be noncompliant with Bureau rules.[3] However, the court granted Employer's motion as it pertained to the requests for production of documents, and it also granted Employer's motion to deem the requests for admissions admitted, stating that Employee failed to "properly respond to the requests" pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure. That order was not appealed.

Employer then filed a motion for summary judgment, arguing that, as Employee had no expert medical proof or other evidence entitling her to permanent disability benefits, further temporary benefits, or any need of additional medical treatment, there were no "contested benefits at issue." Employer acknowledged that Employee would be entitled to future medical benefits that are reasonable, necessary, and causally related to the work injury, but it requested an order denying all other benefits. Following a teleconference in January 2025 with the parties, the trial court entered a "Summary Judgment Scheduling Order" requiring Employee to submit "all evidence on which she would rely in defense"

---

[3] Parties are limited to no more than twenty interrogatories without prior permission from the trial court, and "[a]ny subpart is counted as its own request." Tenn. Comp. R. & Regs. 0800-02-21-.17(2)(b) (2023). The trial court noted that Employer had served nineteen interrogatories with "more than 100 subparts."

of the motion for summary judgment on or before March 28 and encouraging her to contact an ombudsman. That order was not appealed.

Employee then filed numerous documents, presumably in response to the motion for summary judgment, consisting of pictures of a tractor trailer, other photographs, various medical records and diagnostic reports, as well as several bills of lading, but she did not file written responses to the motion for summary judgment or the statement of undisputed material facts or offer any references to the record. At the motion hearing, Employer argued that the "admitted and unopposed facts" demonstrated that Employee could not establish she was entitled to any further benefits.[4] Employee participated in the hearing and argued that she had missed work due to her shoulder injury and was entitled to temporary benefits and that she needed further medical treatment. The trial court entered an order on May 22, 2025, awarding summary judgment to Employer and dismissing Employee's claims for temporary and permanent disability benefits but acknowledging Employee's entitlement to any future reasonable and necessary medical treatment arising primarily out of the work-related injury. Employee has appealed.

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In her notice of appeal, Employee states "vital admissible evidence was not incorporated into the court documents, effecting [sic] the fairness and rights of the proceedings." She also states, "the correct address for the case was incorrectly sent, causing the misdirection which has severely limited my ability to present a complete and accurate picture of my case." With her notice of appeal, Employee filed a document entitled "Statement of the Evidence," and she later filed a handwritten document with the same title. Both indicate that Employee changed her physical address and email address at some point in the course of litigation and that she did not receive Employer's counsel's "request." As such, we address that issue first.

Following our review of the record, we are unable to identify what documents Employee contends she did not receive. The record contains her responses via email to the requests for production of documents and requests for admissions. Furthermore, she filed various documents in response to the motion for summary judgment the day prior to the deadline given by the trial court using what she now states to be an incorrect email address. Finally, other than the email to the court on March 27, there is no indication in the record that she notified the court of her change in physical address, or that she informed the trial court during the summary judgment hearing that her change of address had prevented her

---

[4] A transcript of the motion hearing is not contained in the record on appeal, and Employee did not file a pre-hearing statement or otherwise respond to the motion for summary judgment. Thus, we glean her arguments at the hearing from the trial court's order.

from receiving any litigation-related documents. "[I]ssues not presented to and decided by the trial court will not be considered by appellate courts. . . . If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below." *Long v. Hamilton-Ryker*, Docket No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (internal citations omitted). Thus, we find this issue to be without merit.

Employee's remaining issue concerns her assertion that the trial court did not consider all the relevant evidence she submitted in support of her claim. However, in response to Employer's motion for summary judgment, Employee did not present any evidence or other information in the form of "pleadings, depositions, answers to interrogatories, . . . admissions on file, . . . [or] affidavits," as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure. As we have stated previously, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd. LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023). In short, we conclude Employer negated an essential element of Employee's claim, and the burden of proof then shifted to Employee to come forward with sufficient evidence to establish that a genuine issue of material fact existed that merited a trial. *See Rye*, 477 S.W.3d at 265. She failed to meet that burden of production.

For the foregoing reasons, we affirm the decision of the trial court and certify the order as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Barbara Ballard

v.

Western Logistics, Inc., et al.

Appeal from the Court of Workers'
Compensation Claims
Thomas L. Wyatt, Judge

Docket No.  2023-01-8131

State File No.  41305-2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
| --- | --- | --- | --- | --- | --- |
| Barbara Ballard | | | | X | callsjustice980@gmail.com barbaraballard643@yahoo.com |
| D. Andrew Saulters | | | | X | dsaulters@ortalekelley.com jarmstrong@ortalekelley.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov